IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ERIC LOWE, | ) | CASE NO. 1:05 CV 2920 |
| | ) | |
| Petitioner, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| D. BOBBY, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## I.  Introduction

Before me by referral[1] is the *pro se* petition of Eric Lowe for a writ of habeas corpus.[2]

Lowe is currently incarcerated at the Lake Erie Correctional Institution[3] in Conneaut, Ohio,

where he is serving a term of 12 years imposed in 2003 upon his conviction at a mixed

jury/bench trial for aggravated robbery, grand theft of a motor vehicle, kidnapping, and

having a weapon while under disability.[4]

Lowe raises six grounds for habeas relief, arguing:  (1) that the trial court erred in not

suppressing the "cold stand" identification of Lowe by the victim; (2) that the trial court erred

in allowing the jury to hear evidence of a crack stem that was removed from Lowe, but was

---

[1] ECF # 3.

[2] ECF # 1.

[3] ECF # 10.

[4] ECF # 1 at 2.

never the subject of a criminal prosecution; (3) that the trial court's acceptance of his waiver of a jury trial on the possession of a weapon while under a disability count was not valid; (4) that his conviction for having a weapon under disability was not supported by sufficient evidence since there was no showing that the weapon was operable; (5) that his conviction was not supported by sufficient evidence since there was not sufficient evidence to establish that Lowe was the perpetrator; and (6) that the conviction was against the manifest weight of the evidence.[5]

The State, in response, contends that ground six, which challenges the weight of the evidence, was never presented to the state courts and now cannot be asserted there, thus rendering it procedurally defaulted.[6] Moreover, it maintains that ground six, even if previously fairly presented in state court, is not cognizable in a federal habeas proceeding.[7] In addition, it maintains that ground two, which contests the admission into evidence of a crack pipe, is also not cognizable since it involves a state evidentiary ruling that did not deny Lowe a fundamentally fair trial.[8] Finally, it argues that the state appellate decision denying Lowe's claims that are now denominated as grounds one, three, four and five was not an unreasonable application of clearly established federal law.[9] Lowe did not file a traverse.

---

[5] *Id*. at 8.

[6] ECF # 8 at 8.

[7] *Id.* at 29.

[8] *Id.* at 17.

[9] *Id.* at 13, 21, 25, and 27.

For the reasons that follow, I find the State's positions to be substantially well-taken and so recommend that Lowe's petition be dismissed in part and denied in part as is more fully explained below.

## II.  Facts

### A.  Underlying offense

The essential facts underlying Lowe's conviction, as formulated by the state appeals court,[10] are brief and straightforward:

> On January 6, 2003, Xavier Morris returned home at approximately 11:30 p.m.  As Morris approached the front door to his apartment building, he was robbed at gunpoint.  The man, later identified as [Lowe], took Morris' jacket and car.  While driving Morris' car, [Lowe] was stopped by police. After attempting to flee the scene, [Lowe] was arrested and identified by Morris as the man who robbed him at gunpoint and stole his car. [11]

### B.  Trial

On February 13, 2003, Lowe was indicted by a Cuyahoga County, Ohio Grand Jury on five counts:  aggravated burglary, with one-year and three-year firearm specifications; grand theft motor vehicle; two counts of kidnapping, each with a one-year and three-year

---

[10] Factual findings made by the state appellate court on its review of the trial record are presumed correct by a federal habeas court. *Brumley v. Wingard*, 269 F.3d 629, 637 (6th Cir. 2001).

[11] *State v. Lowe*, No. 82997, 2004 WL 1944785, at *1 (Ohio App. 8th Dist., Sept. 2, 2004).  A copy of the Westlaw opinion is attached for the convenience of the District Judge. The appellate opinion is also found at ECF # 8, Attachment 4 (State Exhibit 10).  Because the state record here is not consecutively paginated, as required by Order, *see* ECF # 4, and the ECF attachments are not identical to the State's exhibit numbers, for ease of reference, subsequent citations to the state appellate opinion are to Westlaw.

firearm specification; and having a weapon while under disability.[12]  Lowe entered a plea of

not guilty[13] and moved to suppress any eye-witness identification testimony at trial.[14]

After a jury trial had commenced with voir dire, but before opening statements, the

trial court denied Lowe's motion to suppress the cold stand identification.[15]  Upon

resumption of the trial, Lowe then conducted an on-the-record colloquy as to waiving his

right to a jury trial as to count five, the possession of a weapon under disability charge,[16]

although the record is somewhat unclear as to exactly when this waiver actually occurred.[17]

---

[12] ECF # 8, Attachment 1 (State Exhibit 1).

[13] *Id*. (State Exhibit 2).  As noted, the individual attachments created by the Court's Electronic Case File system may include more than one separately numbered exhibit submitted by the State, thus the ECF attachment numbers are not identical to the State's exhibit numbers.

[14] *Id.* (State Exhibit 3).

[15] *Id*., Attachment 11 (trial transcript) at 183.

[16] *Id.*, Attachment 1 (State Exhibits 4 and 5).

[17] *Id.*, Attachment 14 (trial transcript) at 314-15.  The record shows that after the State rested, the trial judge undertook to address a "couple of issues" that appear to have been pending.  One item addressed at this time was the waiver.  The court began by stating, as to the having a weapon while under disability count, that "the defense *has waived* a jury trial and elected to have that case (sic) tried before the judge without a jury; is that right?"  Defense counsel agreed with that statement and the court began the waiver colloquy with Lowe.  As noted, it is clear from the court's use of the past tense that the waiver had already occurred at this point, but the record provides no further information as to whether the waiver occurred prior to trial, as required by Ohio statute.  *See*, *State v. Shelton*, No. 83242, 2004 WL 449337, at ¶ 12 (Ohio App. 8 Dist., March 11, 2004).  The state appellate decision here made no specific findings in this respect.

-4-

The jury found Lowe guilty as to counts one, two and three, while the trial court found him guilty as to count five.[18] Count four, one of two kidnapping charges, was nolled.[19] Lowe was sentenced to a total of 12 years in prison.[20]

## C.    State appeals

Lowe, now represented by a different attorney within the Cuyahoga County Public Defender's Office,[21] filed a timely appeal, raising six assignments of error:

1.    The trial court erred in failing to suppress the "cold stand" identification of the appellant by the accuser.

2.    The trial court erred in allowing the jury to hear evidence of an alleged crack stem that was removed from the defendant's person but was not the subject of criminal prosecution.

3.    The dictates of R.C. 2945.05 were not strictly followed; therefore, the court was without jurisdiction to proceed to trial on count seven without a jury.

4.    The appellant's convictions for having a weapon while under disability and the firearm specifications are not supported by sufficient evidence where the State failed to show that the weapon allegedly used was operable.

5.    Appellant's conviction was based on insufficient evidence.

---

[18] *Id*., Attachment 1 (State Exhibit 6).

[19] *Id.*

[20] *Id.* (State Exhibit 7).

[21] *Id.*; *see also*, *id.* Attachment 17 (transcript) at 471.

6.      The appellant's convictions are against the manifest weight of the evidence.[22]

The State responded[23] and, on September 13, 2004, the Ohio appellate court affirmed the judgment of the trial court on all counts.[24]

Lowe, *pro se*, thereupon promptly sought review by the Ohio Supreme Court, advancing five propositions of law:

1.      It is a violation of Due Process of Law for a trial court to deny a motion to suppress "show-up" identification without considering the requisite factors for the reliability thereof.

2.      It is a violation of Due Process of Law for a trial court to permit "other acts" evidence to go before a jury over objection in the absence of any of the exceptions to the rule prohibiting such evidence.

3.      The failure to adhere to the requirements of R.C. § 2945.05 with strict compliance deprives a trial court of jurisdiction to try and sentence in a criminal case.

4.      While the essential element of "operability" for a conviction for a firearm specification or for having a weapon under disability may be established by circumstantial evidence, the absence of any evidence to allow an inference of operability renders a conviction therefor violative of Due Process protections.

5.      The absence of sufficient evidence to establish the Appellant as the offender in this case violates Due Process.[25]

---

[22] *Id.*, Attachment 2 (State Exhibit 8).

[23] *Id.*, Attachment 3 (State Exhibit 9).

[24] *Id.*, Attachment 4 (State Exhibit 10); *see also*, *Lowe*, 2004 WL 1944785.

[25] *Id.*, Attachment 5 (State Exhibit 11).

The state filed a memorandum in response,[26] and, on January 26, 2005, the Ohio Supreme Court denied leave to appeal, dismissing Lowe's appeal as not involving any substantial constitutional question.[27]

**D.      Federal habeas petition**

On December 19, 2005, Lowe, *pro se*, filed this petition for federal habeas relief, setting forth six grounds for the writ:

1.      The trial court erred in failing to suppress the "Cold Stand" identification of the appellant [sic] by the accused [sic].

2.      The trial court erred in allowing the jury to hear evidence of an alleged crack stem to [sic] was removed from the defendant's person but was not the subject of criminal prosecution.

3.      The dictates of R.C. § 2945.05 were not strictly followed; therefore, the court was without jurisdiction to proceed to trial on count seven without a jury.

4.      The appellant's [sic] convictions for having a weapon under disability and the firearm specifications are not supported by sufficient evidence where the State failed to show that the weapon allegedly used was operable.

5.      Appellant's [sic] conviction was based on insufficient evidence.

6.      The appellant's [sic] convictions are against the manifest weight of the evidence.[28]

_____

[26] *Id.*, Attachment 6 (State Exhibit 12).

[27] *Id.* (State Exhibit 13).

[28] ECF # 1 at 9.

As noted, the State filed a return of the writ,[29] contesting each of Lowe's asserted grounds for relief.  Initially, the State maintains that ground six, which asserts that the conviction was against the manifest weight of the evidence, is waived or procedurally defaulted because, although raised in Lowe's first appeal to the state appeals court, it was not included in the appeal to the Ohio Supreme Court, may not be raised there now, and so cannot be presented here.[30]  The State further argues that ground two, which challenges the admission into evidence of a crack pipe, involves purely a matter of state evidentiary law and so is not cognizable here.[31]  Finally, it contends that the decision of the state appeals court denying the remaining grounds on the merits was not an unreasonable application of clearly established federal law and, thus, habeas relief on such grounds should be denied.[32]

As noted earlier, Lowe has not filed a traverse to the return of writ.

---

[29] ECF # 8.

[30] *Id.* at 6.

[31] *Id.* at 17.

[32] *Id*. at 17-30.

# III.   Analysis

**A.      Ground six – waiver/procedural default**

*1.       Waiver/procedural default – standard of review*

If a petitioner failed to present his federal claims through one full round of the state appeals process[33] and is now barred from asserting those claims in state court, the claims should not be dismissed by the federal habeas court for lack of exhaustion, since there are no further remedies available to exhaust in state court.[34]  Rather, absent a showing of cause for such failure and prejudice from not considering the claim in a federal habeas proceeding, or a showing of actual innocence,[35] the claims must be dismissed as waived or procedurally defaulted.[36]  The petitioner bears the burden of proving that he has complied with the requirement of affording the state courts one full round of the established review procedure before seeking federal habeas relief.[37]  "The federal court will not review claims that were not entertained by the state court either due to the petitioner's failure to raise those claims in

---

[33] *See*, *O'Sullivan v. Boerkel*, 526 U.S. 838, 845 (1999); *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004).

[34] *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

[35] *Bousley v. United States*, 523 U.S. 614, 623 (1998).  Actual innocence means "factual innocence, not mere legal insufficiency."

[36] *Deitz*, 391 F.3d at 808.

[37] *Rust*, 17 F.3d at 160.

the state court while state remedies were available *or* when a state procedural rule prevented the state court from reaching the merits of the claim."[38]

Procedural default is analyzed under the long-standing test first articulated in *Maupin v. Smith*:[39]

> First, there must be a state procedure in place that the petitioner failed to follow. Second, the state court must actually have decided the petitioner's claim on the ground of the state procedural default. Third, the state procedural ground must be an "adequate and independent" state ground to preclude habeas review.[40]

If these three factors are met, a petitioner can yet obtain review of his claim by a federal habeas court by showing cause for the default and actual prejudice as a result of the alleged violation of federal law.[41]  Demonstrating "cause" requires showing that some factor external to the petitioner, something that cannot be fairly attributable to him, prevented him from complying with the relevant state procedural requirement.[42]  Establishing "prejudice" requires finding that the alleged error, by itself, so infected the entire trial such that the conviction violated due process, not merely that the action complained of was undesirable,

---

[38] *Smith v. Ohio Dep't of Rehab. & Corrs.*, 463 F.3d 426, 431 (6th Cir. 2006) (emphasis in original, internal citations omitted).

[39] *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).

[40] *Smith*, 463 F.3d at 431(internal citations omitted).

[41] *Id*.

[42] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

erroneous or even universally condemned.[43]  If a petitioner fails to show cause, the reviewing court need not address the issue of prejudice.[44]  A petitioner unable to establish cause and prejudice may still obtain review if he submits new evidence to show that a constitutional violation resulted in the conviction of one who is actually innocent.[45]

**2.**      ***Lowe waived his claim in ground six – that his conviction was against the manifest weight of the evidence – by not asserting it to the Ohio Supreme Court, thus procedurally defaulting this claim.***

As the State notes, the record is plain that Lowe failed to raise the issue that his conviction was against the manifest weight of the evidence when he sought review from the Ohio Supreme Court.[46]  Ohio's doctrine of *res judicata*, holds, in relevant part, that a defendant is barred from initially raising in any proceeding any issue that could have been raised in an earlier proceeding.[47]  Thus, Lowe would be barred by the doctrine of *res judicata* from now attempting to initially raise before the Ohio Supreme Court his claim concerning the manifest weight of the evidence.[48]

---

[43] *United States v. Frady*, 456 U.S. 152, 168 (1982) (citation omitted).

[44] *Engle v. Isaac*, 456 U.S. 107, 134 (1982).

[45] *Dretke v. Haley*, 541 U.S. 386, 393 (2004).

[46] ECF # 8 at 8.

[47] *See*, *Williams v. Bagley*, 380 F.3d 932, 966 (6th Cir. 2004) (citing *State v. Perry*, 10 Ohio St. 2d 175 (1967)).

[48] *Id.* at 966-67.  Finding of waiver/procedural default based on the Ohio doctrine of *res judicata* is proper, since the doctrine is adequate and independent state ground that is regularly followed.

Lowe has here failed to offer any "cause" for his failure to assert this claim in a timely manner before the Ohio Supreme Court. As such, there is no need to consider if recognizing a procedural default as a result of the waiver of this claim prejudices him.

Accordingly, I recommend finding that Lowe has procedurally defaulted his claim in ground six and that this claim should be dismissed.

## B.    Ground two – state evidentiary ruling on the crack pipe

### 1.    *Standard of review – state evidentiary ruling/harmless error*

The United States Supreme Court has held that "[s]tates have broad authority to promulgate rules that exclude evidence so long as they are not arbitrary or disproportionate to the purposes they are designed to serve."[49] Thus, an issue concerning the admissibility of evidence in a state proceeding does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that the petitioner was denied a fundamentally fair trial.[50]

In that regard, the Supreme Court has recently stated that a federal habeas court must, "in virtually all § 2254 cases," assess the prejudicial impact of any purported constitutional error in a state court criminal trial under the "substantial and injurious effect" standard set forth in *Brecht v. Abrahamson*,[51] "whether or not the state appellate court recognized the

---

[49] *United States v. Scheffer*, 523 U.S. 303, 308 (1998).

[50] *McAdoo v. Elo*, 365 F.3d 487, 494 (6th Cir. 2004).

[51] *Brecht v. Abrahamson*, 507 U.S. 619 (1993).

-12-

error and reviewed it for harmlessness under the 'harmless beyond a reasonable doubt' standard set forth in *Chapman*."[52]

However, if a petitioner's claim concerning the improper admission of evidence is based solely on state law, such a claim does not state a cognizable claim for federal habeas relief.[53]

**2.      *Lowe's claim here was presented solely as a matter of state law and so does not state a cognizable claim for federal habeas relief.***

A review of Lowe's brief on appeal to the state appellate court,[54] and his motion for leave to appeal to the Ohio Supreme Court,[55] discloses that Lowe presented this claim in

---

[52] *Fry v. Pliler*, __ U.S. __, 127 S.Ct. 2321, 2328 (2007) (citing *Chapman v. California*, 386 U.S. 18 (1967)); *but see*, *Eddleman v. McKee*, 471 F.3d 576, 583 (6th Cir. 2006), *overruled by Fry,* 127 S.Ct. 232, (holding that prior to *Fry*, "the AEDPA replaced the *Brecht* standard with the standard of *Chapman* plus AEDPA deference when, as here, a state court made a harmless error determination.").  *Fry*'s exception to using *Brecht* arises only in the "unusual case" of a "deliberate and especially egregious error ... [which] infect[s] the integrity of the proceeding."  *Fry*, 127 S.Ct. at 2328 (quoting *Brecht*, 507 U.S. at 638, n.9). Such deliberate and egregious errors are to evaluated under the *Chapman* test.

[53] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

[54] ECF # 8, Attachment 2 (State Exhibit 8) at 8-10.

[55] *Id.*, Attachment 5 (State Exhibit 11) at 7-8.

Ohio courts only as a purported violation of Ohio law.[56]  The state appeals court decision, prior to finding the error harmless, initially found that the admission of the crack pipe was error under Ohio Rule of Evidence 404(B), because it did not fit within any of the specific exceptions of that state rule.[57]  Lowe, for his part, has cited no authority in his habeas petition so as to indicate whether the "error" in his second ground for relief is to be determined as a matter of state law or federal law.

Accordingly, since Lowe's claim here was presented to, and decided by, the Ohio appellate court solely as a matter of state evidentiary law, this claim does not state a cognizable claim for habeas relief and so should be dismissed.

**3.    _Alternatively, even if Lowe's claim here is cognizable as asserting a federal constitutional violation, any error in admitting the crack pipe into evidence was correctly judged by the state appeals court to be harmless._**

In its review of this claim, the Ohio appellate court stated:

---

[56] Specifically, Lowe's brief to the Ohio court of appeals cites only Ohio Evidence Rule 404(B) and Ohio cases construing that rule.  His brief to the Ohio Supreme Court re-states that argument, but, for the first time, adds a single comment that "Ohio Evidence Rule 404(B) applies the federal due process of a defendant regarding other acts evidence...." _Id._ at 7.  Even if that single reference to federal due process was sufficient to fairly present a federal claim to the Ohio Supreme Court by "phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right," _see_, _McMeans v. Brigano_, 228 F.3d 674, 681 (6th Cir. 2000), Ohio's _res judicata_ rule, cited earlier, which prohibits raising a new argument in a later proceeding when that argument could have been made in an earlier proceeding, would have barred consideration by the Ohio Supreme Court of the federal claim when only a state claim had been asserted to the Ohio appeals court.

[57] _Lowe_, 2004 WL 1944785, at *3.

-14-

Upon arrest, police seized a crack pipe from defendant's person. Defendant told police that he did not steal Morris' car but was only using it as a "crack rental," meaning that he gave Morris crack in exchange for using his car. At trial, a defense witness confirmed defendant's stated reason for using Morris' car. The witness stated that, wanting to buy some crack, he had approached the defendant on the evening of January 6, 2003. Defendant told him that he did not have any crack because he had traded what he had for the use of Morris' car.

On this record, the admission of the crack pipe was error because it did not fit within any of the listed exceptions in Evid. R. 404(B). However, we cannot conclude that the admission of the pipe was unfairly prejudicial to the defendant. Thus, we conclude that the admission of this evidence did not contribute to defendant's conviction and merely amounted to harmless error.[58]

As the State notes here, "[i]t seems hard to believe that the admission of the crack pipe had any substantial and injurious effect [on the trial,] when Lowe himself admits to being involved with illicit drugs."[59] Indeed, one of Lowe's central arguments in his defense was that he was driving Morris' car that night as the result of a "crack rental," not from a theft. It truly is hard to imagine how the admission of the crack pipe – which, in a non-drug case, like this one, would surely give rise to the inference that Lowe was involved with drugs – could have had a "substantial and injurious effect" on this trial when Lowe's own stated defense was that he obtained the use of Morris' car that night as the direct result of a drug deal.

---

[58] *Id.*

[59] ECF # 8 at 19.

Accordingly, under whatever test for harmlessness is employed,[60] I recommend finding that the decision of the state appeals court – finding that the admission of the crack pipe was harmless error – is not contrary to, or an unreasonable application of, clearly established federal law.[61] Thus, should this approach be taken, the claim here should be denied.

**C.   Lowe's claims in grounds one (cold stand identification), three (waiver of jury), four (sufficiency of evidence – gun operability) and five (sufficiency of evidence – Lowe's identity as perpetrator) were all denied by the state appeals court in decisions that were not contrary to, or unreasonable applications of, clearly established federal law.**

*1.    Standard of review – state decision as "contrary to," or "unreasonable application of," clearly established federal law.*

28 U.S.C. § 2254(d)(1) provides that, with respect to any claim that was denied on the merits in state court, the writ shall not issue from a federal habeas court unless that state adjudication resulted in a decision that "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."

---

[60] The state appeals court here utilized the *Chapman* standard for harmless error, as formulated in *State v. Charley*, 2004 WL 1472745, at *3 (Ohio App. 8 Dist., July 1, 2004), *see, Lowe*, 2004 WL 1944785, at *3.  That test, as stated in *Charley*, is whether there is "no reasonable probability that the [erroneously admitted evidence] contributed to the appellant's conviction."

[61] The applicable standard for determining whether a state court decision is contrary to, or an unreasonable application of, clearly established federal law is set forth in the following section of this Report.

Under the "contrary to" clause, a federal habeas court may grant relief if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than did the Supreme Court on a set of materially indistinguishable facts.[62]  The words "contrary to" should be construed to mean "diametrically different, opposite in character or nature, or mutually opposed."[63]  When, despite having the matter presented as a federal claim, the state court did not use federal constitutional law to decide the issue in question, the federal habeas court must determine if that decision was "contrary to" clearly established federal law.[64]

Under the "unreasonable application" clause, a federal court may grant habeas relief if the state court identifies the correct governing principles from the holdings of the United States Supreme Court but unreasonably applies those principles to the claim at issue.[65]  The proper analysis for this clause is whether the state court decision was "objectively unreasonable" and not merely erroneous or incorrect.[66]

---

[62] *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

[63] *Id.* at 405.

[64] *Alley v. Bell*, 307 F.3d 380, 397-98 (6th Cir. 2002).

[65] *Williams*, 529 U.S. at 407-08.

[66] *Id.* at 409-11.

2.    ***The state appeals court decision denying Lowe's claim in ground one involving the "cold stand" identification was not an unreasonable application of clearly established federal law.***

In ground one, Lowe asserts that the trial court erred in not suppressing the results of the "cold stand" identification by which the victim, on the night of the crime, identified Lowe to police as his assailant.[67]

In denying that claim, the state appeals court stated:

> Defendant says that the police identification procedure known as a "cold stand," was unreliable and impermissibly suggestive.  In a "cold stand" the victim, in a relatively short time after the incident, is shown only one person and asked whether the victim can identify the perpetrator of the crime.  This court has previously explained the conditions necessary for a proper "cold stand."

> A cold stand or one-on-one show-up identification is permissible as long as the trial court considers the following factors:

> 1.    The opportunity of the witness to view the criminal at the time of the crime;

> 2.    The witness' degree of attention;

> 3.    The accuracy of the witness' prior description of the criminal;

> 4.    The level of certainty demonstrated by the witness;

---

[67] ECF # 1 at 8.

-18-

     5.      The length of time between the crime and the confrontation. (Citations omitted).[68]

The appeals court then recounted the trial testimony that Morris had described his attacker to police as being a black male, approximately 6 -1 and 170 pounds, wearing a black hooded jacket, black pants and black shoes, about 20 years old.[69]  Morris had told police that he could clearly see his assailant's face because the area was well-lit and the attack lasted for about five minutes.[70]  Morris also clearly noticed that the attacker pointed a black, short-nosed .38 revolver at him.  Lowe was arrested about an hour after the crime, driving Morris' car.[71]  The only discrepancy between Lowe's actual appearance and the description

---

[68] *Lowe*, 2004 WL 1944785, at *1 (citation omitted).  The case relied on by the state appeals court for the five elements of a reliable cold stand identification – *State v. Thompson*, 2002 WL 999312, at *2 (Ohio App. 8 Dist., May 16, 2002) – in turn relied on the Ohio Supreme Court decision in *State v. Madison*, 64 Ohio St. 2d 322, 415 N.E.2d 272 (1980), which, in turn, expressly adopted the standard for determining a reliable cold stand identification set forth by the United States Supreme Court in *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972).  *See*, *Madison*, 64 Ohio St. 2d at 332, 415 N.E.2d at 278.

[69] *Lowe*, 2004 WL 1944785, at *1.

[70] *Id*. This finding by the state appeals court appears to be based on a misreading of the record.  The actual testimony of the victim was that his encounter with Lowe lasted 45 seconds.  He then immediately agreed with the prosecutor's comment that "it must have seemed like five minutes."  *See*, ECF # 8, Attachment 14 at 292.  As noted earlier, habeas courts are bound to accept the facts as found by the state appeals court absent a showing by the petitioner with clear and convincing evidence rebutting that presumption.  Lowe has not undertaken to challenge the state appellate court's factual findings.

[71] *Id.*

furnished by Morris was that Lowe was wearing black tennis shoes, while Morris had described him as wearing black boots.[72]

On this record, and employing the standard for determining a reliable cold stand identification first articulated by the United States Supreme Court in *Biggers*, the state appeals court here rejected Lowe's claim, finding as follows:

> The basis of Morris' cold stand identification of [Lowe] was reliable: he had sufficient opportunity to view his attacker at the time of the crime; his attention was not diverted; his description to [Cleveland police officer] Douglas was, with the exception of the type of shoe, consistent with the appearance of [Lowe] at the cold stand; and [Morris] was certain [Lowe] and his assailant were one and the same person.

> We conclude from the record before this court that Morris' cold stand identification of [Lowe] satisfies the conditions established in *Thompson* and is, therefore, reliable.  Accordingly, the trial court did not err in denying [Lowe's] motion to suppress.[73]

Inasmuch as the state court here employed the correct governing legal principles from the United States Supreme Court's holding in *Biggers*, and then found ample support in the trial record for its conclusion that the elements of a reliable cold stand identification prescribed by *Biggers* had been met in this case, I recommend denying this claim since the state court's decision was not an unreasonable application of clearly established federal law.

---

[72] *Id.*, at **1-2.

[73] *Id.*, at *2.

-20-

**3.**    ***The state appeals court decision denying Lowe relief on the claim presented here as ground three – that the requirements in Ohio law for a waiver of a jury trial were not followed, depriving the trial court of jurisdiction and the waiver was not knowing, voluntary and intelligent – was not contrary to clearly established federal law.***

The claim here is a hybrid of two claims that must first be understood as distinct arguments.  Lowe has not elaborated on these assertions in his habeas petition; thus, a close examination of the claims as presented to the Ohio courts is necessary.

As the state appeals court recognized,[74] Lowe's claim concerning a purported violation of Ohio's jury waiver statute has two elements. First, Lowe argues that the Ohio jury waiver statute, which the Ohio Supreme Court mandates be strictly complied with,[75] requires that the signed jury waiver be filed prior to the beginning of a trial – something all admit was not done in Lowe's case.[76]  Next, Lowe asserts that contrary to Ohio Criminal Rule 23(A), the waiver was not sufficiently explained to Lowe on the record,[77] thus resulting in a deprivation of his federal right of due process.[78]

The state appeals court examined each of these two distinct arguments and denied the claim, finding:  (1) that, although Ohio Revised Code § 2945.05 requires that a waiver *occur* before trial and that such waiver be filed in the record, the statute does not require that the

---

[74] *See*, *Lowe*, 2007 WL 1994785, at *3.

[75] *State v. Pless*, 74 Ohio St. 3d 333, 658 N.E.2d 766 (1996).

[76] ECF # 8, Attachment 2 (State Exhibit 8 – Lowe's appellate brief) at 12-13.

[77] *Id.* at 13-15.

[78] *Id.* at 11.

-21-

*filing* take place before trial,[79] and (2) that the trial court's on-the-record colloquy with Lowe

constituted a "substantial discussion" about the consequences of the waiver such that Lowe's

action was "knowing, voluntary and intelligent."[80]

With respect to the federal rights implicated in a jury waiver and the scope of habeas

review, this Court noted recently:

> The right to a jury trial is a fundamental constitutional right.  To effectively waive this right, a criminal defendant must meet the following four conditions: (1) the waiver must be in writing; (2) the government attorney must consent to the waiver; (3) the trial court must consent to the waiver; and, (4) the defendant's waiver must be knowing, voluntary and intelligent.  For a waiver to be knowing, voluntary and intelligent, the defendant must possess the mental capacity to comprehend what he is waiving, as well as be sufficiently informed about the consequences of his decision.  Specifically, a defendant should know that the jury is composed of 12 members, that he may participate in jury selection, that the jury must be unanimous in reaching a verdict, and if the defendant elects to waive this right, the judge alone will decide the defendant's guilt or innocence.

> Although it is preferable for the trial court to conduct an on-the-record colloquy of the waiver, there is no constitutional right to such colloquy. Moreover, the failure to conduct an on-the-record colloquy "does not ipso facto constitute reversible error."  Once a waiver is effectuated, the burden is on the petitioner to demonstrate that the waiver of the jury trial was *prima facie* invalid.   Whether the jury waiver was invalid depends on the factual circumstances of the case.  On habeas review, a state court's determination that a petitioner's jury waiver was valid is a finding of fact entitled to a presumption of correctness pursuant § 2254(e)(1) unless the petitioner can overcome this presumption by clear and convincing evidence.  "In the absence of contemporaneous evidence outside of the written waiver showing that the

---

[79] *Lowe*, 2004 WL 1944785, at *4, citing *Shelton*,  2004 WL 449337, at ¶ 12.

[80] *Id.*, at *4.

-22-

waiver was [not] knowing and intelligent, [a court] must give presumptive force to [the] written document."[81]

Here, as noted earlier, the trial record is inconclusive as to when Lowe actually waived his right to a jury trial as to the count charging him with possessing a weapon while under disability.  What is clear, however, is that Lowe's state court challenge to the trial court's conduct under Ohio's waiver statute was based on the belief that the statute requires the filing of the signed waiver prior to trial.  The appeals court, relying on prior decisions construing that statute, concluded that, so long as the waiver occurs before trial, there is no additional requirement that it also be filed prior to trial.

Because Ohio has determined that, "[a]bsent strict compliance with the requirements of R.C. 2945.05 [the waiver statute], a trial court lacks jurisdiction to try the defendant without a jury,"[82] I am mindful that what otherwise would be purely a state matter involving the interpretation of state procedural law may now implicate a petitioner's federal due process rights if the trial court did not have jurisdiction to try the petitioner.[83]  However, notwithstanding my own inability to locate in the record precisely when Lowe waived his right to a jury trial on the weapons count, Lowe never argued – either here or in state court – that he did not waive his rights prior to trial; arguing, instead, that the *filing* of his waiver after commencement of trial rendered it non-compliant with the statute.  Moreover, the state

---

[81] *D'Ambrosio v. Bagley*, No. 1:00 CV 2521, 2006 WL 1169926, at *40 (N.D. Ohio, March 24, 2006) (internal citations omitted).

[82] *Pless*, 74 Ohio St. 3d at 333, ¶ 1 of the syllabus.

[83] *See*, *D'Ambrosio*, 2006 WL 1169926, at *43.

appeals court made a factual finding, which is presumptively correct and not disputed by Lowe, that the waiver here complied with all the requirements of Ohio law and validly conferred jurisdiction.[84]

Accordingly, I recommend finding that, as to the first element of ground three, the decision of the state appeals court was not contrary to clearly established federal law since its factual finding that the trial court complied with all the elements of Ohio's waiver statute is presumptively correct and was not here rebutted by Lowe.

In regard to the second element of this ground for relief – that it was not knowing, voluntary and intelligent – the Ohio appeals court began its review by quoting the waiver colloquy as follows from the trial record:

| THE COURT: | Okay.  Do you understand, Mr. Lowe, what you are doing here? |
| --- | --- |
| THE DEFENDANT: | I understand. |
| THE COURT: | I thought you understood this before.  If you don't, you just tell me.  You don't have to waive any jury, you can have a jury trial on that issue, too.  Bring the jury right back in here and we'll let them have a – finish the case, having a weapon upon disability. |
| THE DEFENDANT: | No, sir.  No, sir. |
| THE COURT: | Okay.  So you are waiving the jury and you're having the judge try that, whether you are guilty or not guilty.  You face up to a year in jail. |

---

[84] *Lowe*, 2004 WL 1944785, at *4 ("The trial court fulfilled *all* the requirements of R.C. 2945.05 and, therefore, had jurisdiction to try the defendant without a jury.") (emphasis added).

-24-

| THE DEFENDANT: | Yes. |
|---|---|
| THE COURT: | That count. |
| THE DEFENDANT: | Yes. |
| THE COURT: | You understand the jury could find you not guilty of anything and the judge could find you guilty of that and send you to prison and a $2500 fine. |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | Or the jury could find you guilty on everything and the judge could give you off on everything else and tale a hundred dollar fine. |
| THE DEFENDANT: | Yes, sir. |
| THE COURT: | That's what you want to do, is waive the jury? |
| THE DEFENDANT: | Yes, sir.  Bench trial.[85] |

The appeals court, without citing to any standard of review, then concluded that the record quoted above demonstrates "that [Lowe's] responses to the court's questions confirm that his waiver was knowing, voluntary and intelligent."[86]

As earlier noted, while this colloquy was brief and lacking inquiry into some aspects of the waiver such as the defendant's mental capacity and the requirement of a unanimous jury verdict, there is no federal right to an on-the-record colloquy and the burden is on Lowe to show that his waiver here was invalid.[87]    Moreover, as also noted above, absent

---

[85] *Id.*

[86] *Id.*

[87] *D'Ambrosio*, 2006 WL 1169926, at *40.

-25-

contemporaneous evidence outside of the written waiver that it was not knowing, voluntary and intelligent, a reviewing court "must give presumptive force" to the written waiver.[88] Finally, as also stated previously, a state court's finding that a petitioner's jury waiver was valid is a finding of fact, entitled to a presumption of correctness by the federal habeas court unless the petitioner can overcome it with clear and convincing evidence.[89]

Therefore, since Lowe has made no attempt to show that this waiver – found by the state appeals court to have been made knowingly, voluntarily and intelligently – was not so made, and since that state finding is here presumed correct, I recommend finding that the decision of the state appeals court in this respect, made without reference to a standard of review,  was not contrary to clearly established federal law.  In sum, I recommend denying the entire third ground for relief since the state decision denying both elements of this ground was not contrary to clearly established federal law.

### 4.    *The state appellate decision denying Lowe's claims now presented as grounds four and five was not an unreasonable application of clearly established federal law.*

In ground four of this petition, Lowe contends that his convictions for having a weapon while under disability and the firearms specifications are not supported by sufficient evidence because the State did not show that the gun was operable – a necessary element of the gun offenses.[90]  Further, in ground five, he contends that his conviction was based on

---

[88] *Id.*, quoting *Spytma v. Howes*, 313 F.3d 363, 371 (6th Cir. 2002).

[89] *Id.*

[90] ECF # 1 at 8.

-26-

insufficient evidence.[91]  Although not explained at all in his habeas petition, this claim in his state appeal related to his previous argument that the cold stand identification should be suppressed and then, without that identification, his conviction as the perpetrator would not be supported by sufficient evidence.[92]

The state appeals court initially addressed the contention about insufficient evidence in support of the gun convictions as follows:

> "An appellate court's function in reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence submitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.  A verdict will not be disturbed on appeal unless reasonable minds could not reach the same conclusion reached by the trier of fact."

> According to the defendant in the case at bar, the state never established that the firearm he possessed was "operable" as that term is defined by statute.

> R.C. 2923.11(B)(1) defines "firearm" as:

> Any deadly weapon capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant.  "Firearm" includes an unloaded firearm, and any firearm that is inoperable but that can be readily rendered operable.

> The statute further states:

> "(2) When determining whether a firearm is capable of expelling or propelling one or more projectiles by the action of an explosive or combustible propellant, the trier of fact may rely on circumstantial evidence, including, but

---

[91] *Id.*

[92] *See*, ECF # 8, Attachment 2 (State Exhibit 8) at 5-8.

not limited to, the representations and actions of the individual exercising control over the firearm."

The Ohio Supreme Court has held that "proof of operability can be established beyond a reasonable doubt by testimony of lay witnesses who were in a position to observe the instrument and the circumstances surrounding the crime." Moreover, whether a firearm was operable or capable of being readily rendered operable at the time of the offense, is determined within the context of "all relevant facts and circumstances surrounding the crime, which include any implicit threat made by the individual in control of the firearm."[93]

After stating the relevant standard of review, which included an Ohio case[94] that specifically incorporated the federal standard promulgated in *Jackson v. Virginia*[95] into Ohio law, the court then analyzed the facts of record in light of this test for determining whether a conviction is supported by sufficient evidence:

Morris testified that he was approached from behind by a man with a gun. He felt the gun at his back. The man demanded Morris' jacket and car keys. Morris turned and saw defendant standing a foot away pointing a black snub nosed .38 revolver at him. Defendant took Morris' jacket and then told him "don't move *** I'm not playing, don't go into the building until I pull off."

Under the facts and circumstances in this case, defendant's actions and verbal threats imply that his gun was operable when he robbed Morris. Viewing this evidence in a light most favorable to the prosecution, as we must under the test for sufficiency, we conclude that there was sufficient evidence

---

[93] *Lowe*, 2004 WL 1944785, at *5 (internal citations omitted).

[94] *State v. Jenks*, 61 Ohio St. 3d 259, 574 N.E.2d 492 ¶ 2 of the syllabus (1991); *superceded on other grounds by const. amendment as recognized by State v. Smith*, 80 Ohio St. 3d 89, 684 N.E.2d 668 (1997). *Jenks* is here cited because (1) it incorporates the standard articulated by *Jackson* into Ohio law and (2) was directly cited and relied upon by the state appeals court here for the standard of review applicable to this case.

[95] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

to show that the statutory definition of a firearm was met.  We therefore overrule this assignment of error.[96]

For purposes of federal habeas review I note first that the Ohio appeals court here recognized and articulated the correct governing principle of federal law in regards to sufficiency of the evidence.  In addition, after stating the statutory prerequisites for obtaining a conviction in Ohio for having an operable firearm, including the specific holding of the Ohio Supreme Court that such a finding may be based on circumstantial evidence derived from an assailant's own demeanor concerning the gun's operability, I note further that the state court found evidence of record that Lowe made threats against Morris  based on having a loaded, operable firearm.  Accordingly, I recommend finding that the Ohio appellate decision denying this claim was not an unreasonable application of clearly established federal law and that this ground for relief should be denied.

Similarly, with respect to Lowe's assertion that Morris' identification of him at the cold stand was unreliable and thus there was insufficient evidence to establish that he was the perpetrator, the state decision rejected that claim and observed :

> [W]e previously rejected defendant's claim that Morris' identification was unreliable.  Under the test for "sufficiency," we further conclude that any rational trier of fact could have found that Morris' identification of defendant as his assailant was proven beyond a reasonable doubt.[97]

---

[96] *Lowe*, 2004 WL 1944785, at **5-6.

[97] *Id.*, at *6.

Again, the state appeals court was operating under the proper standard of review. Moreover, it relied upon its prior holding, which I have previously recommended be found to be not an unreasonable application of federal law, that the cold stand identification was constitutionally permissible. Thus, I again recommend that ground five here be denied inasmuch as the state decision on the underlying claim was not an unreasonable application of clearly established federal law.

## IV.   Conclusion

For the foregoing reasons, I recommend that Eric Lowe's petition for a writ of habeas corpus be denied in part and dismissed in part.

Dated:   February 12, 2008                    s/ William H. Baughman, Jr.
                                              United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[98]

---

[98] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).