UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| ERIC LOWE, ) | Case No. 1:05 CV 2920 |
| ) | |
| Petitioner, ) | Judge Dan Aaron Polster |
| ) | |
| vs. ) | **MEMORANDUM OF OPINION** |
| ) | **AND ORDER** |
| D. BOBBY, ) | |
| ) | |
| Respondent. ) | |

Before the Court is the Report and Recommendation of Magistrate Judge William H. Baughman, Jr., issued on February 12, 2007 (the "R & R") **(ECF No. 11)**. Petitioner Eric Lowe has filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (the "Petition") challenging the constitutionality of his 2003 conviction for aggravated robbery, grand theft of a motor vehicle, kidnaping, and having a weapon while under disability. **(ECF No. 1.)** The Magistrate Judge recommends that the Court dismiss in part and deny in part the Petition.

Lowe, who was sentenced to twelve years imprisonment after a mixed jury/bench trial, raises six grounds for habeas relief, primarily evidentiary arguments and a claim that his waiver of a jury trial on one count was not valid under Ohio law. The State responded with a

Return of Writ, in which it contends that ground six should be dismissed as procedurally defaulted or, in the alternative, not a cognizable federal habeas claim. Similarly, the State argues that ground two is not a cognizable federal habeas claim. Finally, the State argues that grounds one, three, four, and five should be denied on the merits. The State filed its Return of Writ on April 18, 2006, and the R&R was filed on February 12, 2008. The only document Lowe filed in the interim is a notice of address change filed on October 16, 2007; he filed no traverse, and no objections to the R&R.

Pursuant to a wholly comprehensive and thorough analysis of Lowe's claims, the Magistrate Judge's R & R recommends that claims two and six be dismissed, and that claims one, three, four, and five be denied on the merits and the Petition therefore dismissed.

Under the relevant statute:

> Within ten days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1)(C) (1988) (emphasis added). It is now March 14, 2008. More than four weeks have elapsed since the R&R was issued, and neither an objection nor a request for an extension to file objections has been filed.

The failure to timely file written objections to a Magistrate Judge's report and recommendation constitutes a waiver of a *de novo* determination by the district court of an issue covered in the report. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The Court has reviewed the Magistrate Judge's comprehensive, well-written Report and Recommendation **(ECF No. 11)** and hereby **ADOPTS** it. Accordingly, Lowe's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody **(ECF No. 1)** is **DENIED IN PART AND DISMISSED IN PART**.

**IT IS SO ORDERED.**

*/s/ Dan Aaron Polster   March 14, 2008*
**Dan Aaron Polster**
**United States District Judge**